THOMAS S. MORLEY, PROSECUTOR, v. GEORGE Mc-
DONALD, RESPONDENT.

Argued February 15, 1921—Decided June 7, 1921.

Where a suit was originally brought in the First District Court at
    Montclair, and, subsequently, by stipulation by the parties and
    the consent of the Montclair judge, the case was removed to the
    First District Court of Newark, a record of a judgment in the
    Montclair court, without any record to show that the case, which
    had been removed under the stipulation, had been certified back,
    will be set aside.

On *certiorari.*

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *Clarence Sackett.*

The opinion of the court was delivered by

SWAYZE, J. This is a three-headed *certiorari* addressed to
the judge of the District Court of the First Judicial District
of the county of Essex, to the judge of the First District Court
of the city of Newark, and to the judges of the Court of Com-
mon Pleas of the county of Essex.

Without approving this method of addressing the writ, we
think we may properly treat the case as one of distinct writs
to the judges of each court severally, consolidated for the pur-
pose of argument and decision. The facts are somewhat ob-
scure; we deal only with what appears in the state of the case.
The writ directs that all things touching and concerning the
judgment in question shall be certified, and the returns state
that all have been certified. If anything else was needed it
should have been brought here by the proper proceedings for
that purpose. *Woodbridge* v. *Allen,* 43 *N. J. L.* 262. We

think, however, the difficulty is fundamental. The suit was originally brought in the First District Court of the County of Essex, which we shall for convenience call the Montclair District Court. Subsequently, a cross-suit was brought by the present defendant against the present plaintiff in the Newark District Court. Thereupon a stipulation was entered into by which the parties, the judge of the Montclair court consenting, agreed that this action (in which Morley is the defendant) be and is hereby removed to the First District Court of Newark. The consent was in writing and the record of the Montclair court shows that by consent of the attorneys the action was transferred to the First District Court of the city of Newark for trial. Thereafter the record of the Montclair court recites that the action was tried in the Newark court. The record of the Montclair court proceeds as follows: "The evidence being closed the court rendered judgment in favor of the plaintiff and against the defendant, Thomas S. Morley, in the sum of $265.25 damages, with costs, whereupon judgment is entered in favor of the plaintiff and against the defendant, Thomas S. Morley, in the sum of $265.25 damages, with costs. Statement for docketing judgment in Common Pleas, issued October 18th, 1920." We think it quite obvious from the state of the Montclair docket entries that the word "judgment," where first used in the above-quoted passage, refers not to the judgment but to the finding of the District Court judge. Unless that is so, the subsequent words "whereupon judgment is entered" are nonsense. Two judgments are referred to and it is more sensible to treat the first one as being technically the finding of fact and the amount of damages, but the difficulty with this is that it leaves an imperfect record which fails to show a judgment in the Newark court or that the case got back to the Montclair court. It leaves an hiatus.

It is said that the judge of the Newark District Court merely sat in the Montclair court for and instead of the Montclair judge. The Newark judge does not purport to sit in any court except the Newark court, and in that court purports not only to make a finding of fact but to enter a judgment; there is

nothing to indicate that he means to certify the judgment he enters to the Montclair court. There is nothing in the record of the Montclair court, therefore, to show any finding of fact in that court as a basis for its judgment. There could not be a finding of fact or a judgment in the Montclair court until the record which had been removed under the stipulation was certified back. Until that time the Montclair court had nothing before it on which to found a judgment. Whether there was jurisdiction to render a judgment in the Newark court is a matter not before us. It may well be that the acts of the parties sufficed to give the Newark court jurisdiction and to authorize the judgment after the trial, since both parties had a hearing. The judgment docketed, however, as certified to us by the Common Pleas, was, as the docketing shows, the judgment of the Montclair court, and as that judgment was attempted to be entered in the court which had lost its jurisdiction, it was no judgment at all. The result is that the judgment of the Montclair District Court and the docketed judgment based thereon must be set aside.

Whether the Newark court now has power to enter judgment on the original finding of Judge MacMahon is a matter not before us. The prosecutor of the present writ, Morley, is said to have lost his appeal, and if so, that might be enough to prevent the judge of the Newark court from entering judgment on his finding at this late date.

We express no opinion in the matter.